# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

MARGARET M. SEARFOSS,

                Plaintiff,

     v.

ANDREW SAUL, Commissioner of Social
Security,[1]

                Defendant.

CIVIL ACTION NO. 3:19-CV-00803

(MEHALCHICK, M.J.)

## MEMORANDUM OPINION

Plaintiff Margaret M. Searfoss ("Plaintiff") brings this action under section 205 of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits under Title II of the Act. (Doc. 1). In her brief in support of review, Plaintiff argued, among other things, that the matter should be vacated and remanded for rehearing before a properly appointed administrative law judge (ALJ) in accordance with *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018).[2] (Doc. 19, at 4-8).

---

[1] The Court has amended the caption to replace, as the named defendant, Acting Social Security Commissioner Nancy A. Berryhill with her successor, Social Security Commissioner Andrew Saul. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

[2] The Supreme Court's decision in *Lucia* held that S.E.C. Administrative Law Judges were "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2, and therefore should have been appointed by either the President, a court of law, or the Department head. Since the S.E.C. ALJ was not properly appointed, the Supreme Court held that to "cure the constitutional error, another ALJ . . . must hold the new hearing to which [the plaintiff] is entitled." *Lucia*, 138 S. Ct. at 2055.

Plaintiff's administrative hearing was held on February 22, 2017, and the ALJ's decision denying her application was issued on July 13, 2017.[3] (Doc. 8-10, at 51; Doc. 19, at 2). Both occurred before the Acting Commissioner of Social Security ratified the appointment of all Social Security ALJs. *See* Soc. Sec. Ruling 19-1p; Titles II & XVI: Effect of the Decision in Lucia v. Sec. & Exch. Comm'n (Sec) on Cases Pending at the Appeals Council, SSR 19-1P (S.S.A. Mar. 15, 2019), 2019 WL 1324866, at *2 (providing background about the Supreme Court's decision in *Lucia* and the Social Security Administration's response to it). The Commissioner does not dispute that ALJ Paula Garrety was not properly appointed when she heard and decided Plaintiff's case. Instead, the Commissioner argues that Plaintiff failed to exhaust her challenge under the Appointments Clause at the administrative level before raising the issue in federal court. (Doc. 23, at 19-34).

The Third Circuit recently addressed "the question whether claimants for Social Security disability benefits must exhaust Appointments Clause challenges before the very administrative law judges [] whose appointments they are challenging." *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020). In that case, the Third Circuit held that "[b]ecause both the characteristics of the Social Security Administration [] review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, . . . exhaustion is not required in this context . . . ." *Cirko*, 948 F.3d at 152. On March 26, 2020, the Third Circuit denied the government's petition for rehearing *en banc*, and a final mandate was issued on April 3, 2020. *Cirko v. Berryhill*, No. 19-1772 (3d Cir.), ECF Nos. 77, 78-1; *Bizarre v. Berryhill*, No. 19-1773 (3d Cir.), ECF Nos. 71, 72-1. In light of *Cirko*, the Court

---

[3] As the ALJ's decision was not included in the transcript accompanying the Commissioner's answer, the undersigned refers to the Plaintiff's brief for the date of the ALJ's decision. (Doc. 8; Doc. 19).

is compelled to remand Plaintiff's case for rehearing before a properly appointed ALJ.

For the foregoing reasons, IT SHALL BE ORDERED that:

1.    The Commissioner's decision to deny Plaintiff's application for benefits be **VACATED**.

2.    The case be **REMANDED** for rehearing before a properly appointed ALJ other than the ALJ who presided over Plaintiff's first administrative hearing.

3.    The Commissioner's motion to stay (Doc. 28) be **DISMISSED AS MOOT**.

4.    Final judgment be issued in favor of Plaintiff.

5.    The Clerk of the Court close this case.

An appropriate Order follows.

Dated: April 10, 2020                    BY THE COURT

                                         *s/ Karoline Mehalchick*
                                         **KAROLINE MEHALCHICK**
                                         **United States Magistrate Judge**